UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HEIDI BAWDEN,<br><br>                Plaintiff,<br><br>vs.<br><br>TERESA RICHINS et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br><br><br>Case No. 2:12cv01178 DB<br><br>District Judge Dee Benson |

Before the Court is Defendants' Motion to Dismiss and/or for Summary Judgment for

Failure to Exhaust Administrative Remedies. (Doc. 20.) Defendants Teresa Richins, Jason

McClellan, Richard Fisher and Melissa Moore (Defendants) move to dismiss with prejudice the

Plaintiff's § 1983 claims for (1) deliberate indifference to her serious medical needs, violating

the Eighth Amendment; and (2) unspecified prison officials' refusal to file a grievance after

Plaintiff returned from the hospital, violating her procedural due process rights protected by the

Fifth and Fourteenth Amendments. In support of their Motion to Dismiss, Defendants argue that

Plaintiff has not exhausted her administrative remedies as required by the Prison Litigation

Reform Act and that her due-process claim does not state a claim for which relief may be

granted. For the reasons stated below, the Court grants Defendants' motion.

Plaintiff was at relevant times an inmate at the Utah State Prison in Draper. She alleges

that she injured herself in a fall from a stool on February 5, 2011, but that she was denied

medical treatment on February 6, 7, and 8. (*See generally* Pl.'s Compl. ¶¶ 10–16.) She was

treated in the infirmary on February 8, was sent to the University of Utah Medical center for hip

surgery on February 14, and returned to prison. (*Id.* ¶¶ 16–20.) Plaintiff alleges that she was

"denied access to the administrative remedies due to not filing a grievance within 7 days allowed

…." (*Id.* ¶ 21.) However, she concedes that she never attempted to file a grievance during those

7 days, even though grievance forms were available to her in her housing unit and in the

infirmary. (Decl. of Billie Casper, ¶¶ 7, 15, attached as Exhibit 1 to Defs.' Mem. in Support of

Mot. to Dismiss.)

The Utah State Prison has a 3-level grievance process, the first level of which is initiated

by an inmate filing a grievance within 7 working days of an incident, or within 7 working days

of the time the inmate knew or should have known about a grievable incident. (*Id.* ¶¶ 6, 7; Utah

Dep't of Corrections Grievance Policy FDr02/03.03, attached as Exhibit A to Casper Decl.)

Failure to exhaust all 3 levels of review precludes the inmate from seeking judicial relief.

(Casper Decl. ¶ 6; Grievance Policy FDr02/03.02.)

## LEGAL STANDARD

Defendants' motion is filed under Federal Rule of Civil Procedure 12(b)(6).[1] In

reviewing a 12(b)(6) motion to dismiss, the Court assumes the truth of well-pleaded facts and

draws reasonable inferences in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of

Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is

plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations

and quotations omitted). "'A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Defendants alternatively move for summary judgment pursuant to Federal Rule of Civil Procedure 56. But
because the facts regarding the motion are ascertainable from Plaintiffs' Complaint, from rules and regulations
appropriate for judicial notice, and related facts, the Court determines that dismissal under Rule 12(b)(6) is
appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1112–13 (10th Cir. 1991).

misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Threadbare

recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or

"unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient.  *Iqbal*, 556

U.S. at 678 (quotation marks omitted); *Leverington*, 643 F.3d 723 (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010)

(citations and quotations omitted); *Hall*, 584 F.3d at 863.

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the

complaint, but may also rely on all documents adopted by reference in the complaint, documents

attached to the complaint, or facts that may be judicially noticed.  *See* Fed. R. Civ. P. 10(c);

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935

F.2d 1106, 1112 (10th Cir. 1991).  Published administrative rules and regulations are appropriate

for judicial notice.  *See, e.g.*, *City of Wichita. v. U.S. Gypsum Co*, 72 F.3d 1491, 1496 (10th Cir.

1996) (allowing OSHA regulations to be judicially noticed as "a social fact with evidential

consequences").

Although a prisoner's failure to exhaust administrative remedies is an affirmative

defense, *see Jones v.Bock*, 549 U.S. 199, 215 (2007), the Tenth Circuit has recognized that a

district court "can dismiss prisoner complaints for failure to state a claim if it is clear from the

face of the complaint that the prisoner has not exhausted his remedies."  *Aquilar-Avellaveda v.

Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Furthermore, because failure to exhaust may be

raised in the defendant's pleadings, the Tenth Circuit has permitted courts to review policies and

procedures presented as part of a *Martinez* report in general, and the facts related to grievances in

particular, in determining the propriety of a motion to dismiss.  *Hall*, 935 F.2d at 1112–13;

*Russell v. Lincoln*, No. 07-7081, 267 F. App'x 785, 787 (10th Cir. Feb. 29, 2008) (ord. & j. not

selected for publication) (affirming dismissal of § 1983 complaint on exhaustion grounds, and noting issue properly presented "because defendants raised the issue of exhaustion in their responsive pleadings" and relying on "the face of the complaint and materials submitted by the parties").

<h1 style="text-align:center">ANALYSIS</h1>

The Prison Litigation Reform Act requires that prisoners exhaust any prison administrative remedies before filing suit:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This includes deliberate indifference and related claims. *Porter v. Nussle,* 534 U.S. 516, 532, (2002)*; see, e.g.*, *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 512 (1st Cir. 2006) ("'Prison conditions' under [§ 1997e(a)] include individual instances of medical mis-or non-treatment …."); *Russell*, No. 07-7081, 267 F. App'x at 787 (affirming dismissal of § 1983 "medical malpractice" claim for failure to exhaust administrative remedies); *Feuer v. McCollum*, No. 04-3406, 139 F. App'x 928, 931 (10th Cir. 2005) (ord. & j. not selected for publication) (affirming dismissal of deliberate indifference § 1983 claim for failure to exhaust administrative remedies).

From the face of Plaintiff's complaint, the supplementary materials, and her admission, it is clear that Plaintiff did not exhaust her administrative remedies. During the seven days provided by the prison grievance policy, Plaintiff did not file, or even attempt to file, a grievance while she was in the infirmary.

4

She did try to file a grievance when she was returned from surgery.  She alleges that she

was denied a grievance form when she returned from surgery, but the facts clearly demonstrate

that such a grievance would have been untimely even if she had been allowed to file.  Plaintiffs'

allegation that a prison official refused to provide her a form, if true, would therefore not

constitute a prison official's attempt to "prevent, thwart, or hinder a prisoner's efforts to avail

himself of the administrative remedy," *Tuckel v. Grover, 660 F.3d 1249,* 1252 (10th Cir. 2011),

that would excuse Plaintiff's failure to exhaust her remedies.  The record is clear, and Plaintiff

has admitted, that she did not follow the required, formalized grievance process.  Her claim is

therefore dismissed.

In Count II, Plaintiff alleges violations of her Fifth and Fourteenth Amendment right to

due process of law because "Defendants," not individually named, "denied her access to

administrative remedies after she returned from undergoing surgery for a cracked hip."  (Compl.

¶ 23.)  This allegation cannot state a claim because courts have repeatedly held that prison

grievance procedures do not give rise to a liberty or property interest protected by the Fourteenth

Amendment. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *see also Wilkinson v. Austin*, 545

U.S. 209, 221 (2005); *Murray v. Albany County Bd. of County Comm'rs*, No. 99–8025, 2000 WL

472842, at \*2 (10th Cir. Apr. 20, 2000) (ord. & j. not selected for publication) (quoting *Buckley

v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)); *see also Todd v. Bigelow*, 2:09-CV-808 DAK,

2012 WL 627965, at \*7 (D. Utah Feb. 24, 2012) (mem. decision & ord. not selected for

publication), *aff'd,* 497 F. App'x 839 (10th Cir. 2012) (ord. & j. not selected for publication),

*cert. denied,* 133 S. Ct. 1251 (2013) *reh'g denied,* 133 S. Ct. 2385 (2013) (granting prison

officials summary judgment on a due process claim for violation of prison grievance

procedures).  Plaintiff has provided no authority to the contrary.  Count II is therefore also dismissed with prejudice.

Plaintiff has filed a request for a hearing on the motion, (doc. 28), alleging merely that there are "[f]acts … in dispute." (*Id.* at 1.) But Plaintiff did not, in the motion, in her complaint, or otherwise, articulate any disputed fact relevant to her failure to exhaust.  Accordingly, the Court finds that good cause does not exist for oral argument on the motion, *see* DUCivR 7-1(f), and the motion may be ruled upon based on the parties' written submissions.

## ORDER

Accordingly, it is hereby **ORDERED** that:

Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, (doc. 20), is **GRANTED.**

Plaintiffs' Complaint, (doc. 6), is **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED this 12 day of February, 2014.

_____

JUDGE DEE BENSON
United States District Court

6